UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
------------------------------X      Docket#
UNITED STATES OF AMERICA,      :     14-cr-367(FB)(VMS)
                               :
       - versus -             :      U.S. Courthouse
                               :     Brooklyn, New York
ALDO BLAS,                     :
               Defendant      :      February 2, 2015
------------------------------X
```

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE

**A   P   P   E   A   R   A   N   C   E   S:**


**For the Government**:          **Loretta E. Lynch, Esq.**
                                 United States Attorney

                          BY:    **Saritha Komatireddy, Esq.**
                                 Assistant U.S. Attorney
                                 271 Cadman Plaza East
                                 Brooklyn, New York  11201


**For the Defendant**:           **Hector Benjamin Perez, Esq.**
                                 H. Benjamin Perez
                                    & Associates, P.C.
                                 111 Broadway
                                 Suite 706
                                 New York, NY 10006



**Transcription Service**:       **Transcriptions Plus II, Inc.**
                                 740 Sharon Road
                                 Copiague, New York 11726
                                 rl.transcriptions2@gmail.com



Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1          THE CLERK:   This is <u>United States v. Aldo</u>

2   <u>Blas</u>, docket number 14-cr-367, Criminal Cause for a Plea

3   Hearing before Magistrate Judge Vera M. Scanlon.

4          Will the parties state their appearances for

5   the record starting with the government.

6          MS. KOMATIREDDY:  Good afternoon, your Honor.

7          Saritha Komatireddy for the United States.

8          THE COURT:  Good afternoon.

9          MR. PEREZ:  Good afternoon, your Honor.

10          H. Benjamin Perez on behalf of Aldo Blas.

11          THE COURT:  And Mr. Blas is here with you?

12          MR. PEREZ:  Yes, Judge.

13          THE COURT:  All right.  And he needs a Spanish

14   to English, English to Spanish interpreter, is that

15   correct?

16          MR. PEREZ:  Yes.

17          THE COURT:  All right.  Can the interpreter

18   state your appearance?

19          THE INTERPRETER:  Maristela Verastegui,

20   previously sworn.

21   (INTERPRETER PREVIOUSLY SWORN)

22          THE COURT:  All right.  So we're here for a

23   plea. Let me first ask the government, are there any

24   victims of the offense, and if so has the government

25   notified them of this hearing and the right to attend and

Proceedings

3

1   be heard?

2          MS. KOMATIREDDY:  Yes, to both, your Honor.

3          THE COURT:  All right.  And I am going to ask

4   my deputy to give the defendant an oath.

5   A L D O   B L A S ,

6       called as a witness, having been first duly sworn,

7       was examined and testified as follows:

8          THE COURT:  Okay.  You can put your hand down.

9          Just, counsel, are we going to do this in

10  English or in Spanish?  How do you want to do it?

11         MR. PEREZ:  Spanish.

12         THE COURT:  All right.  So, Mr. Blas, a we go

13  along, the interpreter will translate for you from

14  English to Spanish and then if you would like to speak,

15  from Spanish to English for the Court and for the record.

16  All right to that process?

17         THE DEFENDANT:  Yes.

18         THE COURT:  All right.  Otherwise, we can do

19  this in English and have the interpreter standby but if

20  there's any question as to whether you're completely

21  fluent in English, we'll use the interpreter all the

22  time.

23         THE DEFENDANT:  I'll use the interpreter.

24         THE COURT:  Okay.  All right.  So, Mr. Blas, my

25  name is Vera Scanlon.  I'm a magistrate judge here in

4

Proceedings

1   this court.

2           As you may know, your case has been assigned to

3   a district judge, Judge Block.  Judge Block is the judge

4   who is going to make the ultimate decision as to whether

5   to accept your guilty plea.  And if he does, to sentence

6   you.  You have the absolute right to have the district

7   judge listen to your plea without any prejudice to you.

8           Do you understand that right?

9           THE DEFENDANT:  Yes.

10          THE COURT:  All right.  In today's proceeding,

11  what we're doing is making a recording.  A transcript

12  will be prepared of today's proceeding by a court

13  reporter and that transcript will be provided to the

14  Judge Block.  Judge Block will review the transcript of

15  today's proceeding in connection with deciding whether to

16  accept your plea and with your sentence.

17          Are you willing to give up your right to have

18  District Judge Block listen to your plea and instead

19  proceed here before me?

20          THE DEFENDANT:  All right, yes.

21          THE COURT:  All right.  So, I have this form

22  which says, "Consent To Have a Plea Taken Before a United

23  States Magistrate Judge."

24          Was this form read to you in Spanish?

25          THE DEFENDANT:  Yes.

5

                    Proceedings

1            THE COURT:  Do you understand the form?

2            THE DEFENDANT:  Yes.

3            THE COURT:  And did you discuss it with your

4    attorney?

5            THE DEFENDANT:  Yes.

6            THE COURT:  And are you in agreement with what

7    it says in this form?

8            THE DEFENDANT:  Yes.

9            THE COURT:  All right.  Has anyone threatened

10   you or made any promises to you to have you proceed here

11   before me today?

12           THE DEFENDANT:  No.

13           THE COURT:  All right.  On this form, there are

14   a couple of signatures.  Is the top signature on the

15   right-hand side your signature?

16           THE DEFENDANT:  Yes.

17           THE COURT:  And, counsel, is that your

18   signature below?

19           MR. PEREZ:  Yes, your Honor.

20           THE COURT:  All right.  And then for the United

21   States, is that your signature?

22           MS. KOMATIREDDY:  Yes, your Honor.

23           THE COURT:  All right.  So I am also going to

24   sign the form to indicate that I believe that the

25   defendant is voluntarily and willingly entering --

6

Proceedings

1  proceeding before me here today.

2          All right.  So, Mr. Blas, before me go ahead

3  with your guilty plea, we're going to have to do a couple

4  of things.  First, I am going to have to ask you several

5  questions in order to assure myself that it's a valid

6  plea.

7          As we go along, if you don't understand what I

8  say or my questions, please let me know and I will reword

9  the question or try to explain what I've said to the best

10 of my ability.

11         Do you understand that in this criminal

12 proceeding, you have the right to be represented by an

13 attorney at trial and at every other stage of the

14 proceeding, including this one?

15         THE DEFENDANT:  Yes.

16         THE COURT:  And do you understand that if you

17 can't afford an attorney, one would be appointed for you?

18         THE DEFENDANT:  Yes.

19         THE COURT:  And Mr. Perez has been -- is your

20 retained counsel, is that correct?

21         MR. PEREZ:  Yes.

22         THE COURT:  Okay.  And do you want to proceed

23 here with Mr. Perez, as your attorney?

24         THE DEFENDANT:  Yes.

25         THE COURT:  As we go along today, if at any

7

Proceedings

1  time you would like to speak with your attorney, please

2  let me know and I'll let you do that.

3          MR. PEREZ:  Just one moment.

4          THE COURT:  Uh-hum.

5          (Counsel and client confer)

6          THE COURT:  All right.  I am just going to

7  remind you, Mr. Blas, that you are sworn to tell the

8  truth.  That means that if at any time during today's

9  proceeding, you answer my questions falsely, or you make

10 a false statement to me, your answers may later be used

11 against you in a separate prosecution for the crime of

12 perjury or of making a false statement.

13          Do you understand?

14          THE DEFENDANT:  Yes.

15          THE COURT:  All right.  So, the first thing

16 that I'm going to do is ask you some background

17 questions.

18          What is your full name?

19          THE DEFENDANT:  Aldo Jesus Blas Coranza (ph.)

20          THE COURT:  And how old are you?

21          THE DEFENDANT:  39.

22          THE COURT:  And what's the highest level of

23 education that you have completed?

24          THE DEFENDANT:  College, in my country.

25          THE COURT:  How old were you when you completed

8

Proceedings

1  college?

2          THE DEFENDANT:  24.

3          THE COURT:  And did you graduate from college?

4          THE DEFENDANT: No.

5          THE COURT:  So how many years of college did

6  you attend?

7          THE DEFENDANT:  Three.

8          THE COURT:  And what did you study?

9          THE DEFENDANT:  In computer engineering.

10          THE COURT:  And what's your country?

11          THE DEFENDANT:  Peru.

12          THE COURT:  And what's the name of the school

13  or the college that you attended?

14          THE DEFENDANT:  University of Lima in the

15  capitol city.

16          THE COURT:  All right.  This is a different

17  kind of a question I'm going to ask you now.

18          Are you presently or have you recently been

19  under the care of a doctor?

20          THE DEFENDANT:  In the prison, yes.

21          THE COURT:  And what have you been treated for

22  in the prison?

23          THE DEFENDANT:  I just went through normal

24  checkup.

25          THE COURT:  Did the doctor diagnose you with

9

Proceedings

1  any medical problems?

2          THE DEFENDANT:  No.

3          THE COURT:  All right.  Are you presently or

4  have you recently been under the care of any mental

5  health professional such as a psychologist, a

6  psychiatrist or a social worker?

7          THE DEFENDANT:  No.

8          THE COURT:  Have you ever been hospitalized or

9  treated for any mental illness?

10          THE DEFENDANT:  No.

11          THE COURT:  Have you ever been hospitalized or

12  treated for an addiction to drugs or alcohol?

13          THE DEFENDANT:  No.

14          THE COURT:  In the past 24 hours, have you

15  consumed any medications?

16          THE DEFENDANT:  Ibuprofen.

17          THE COURT:  Is there anything about the

18  Ibuprofen that would affect your ability to understand

19  today's proceedings?

20          THE DEFENDANT:  No.

21          THE COURT:  And what was the Ibuprofen

22  prescribed for?

23          THE DEFENDANT:  It's a pain in my hand.

24          THE COURT:  All right.  And is there anything

25  about that pain that would prevent you from understanding

10

Proceedings

1    these proceedings here today?

2              THE DEFENDANT:  No.

3              THE COURT:  All right.  In the past 24 hours,

4    have you consumed any alcohol?

5              THE DEFENDANT:  No.

6              THE COURT:   In the past 24 hours, have you

7    consumed any narcotic drugs?

8              THE DEFENDANT:  No.

9              THE COURT:  Is your mind clear as you stand

10   here today?

11             THE DEFENDANT:  Yeah.

12             THE COURT:  Do you understand what's going on?

13             THE DEFENDANT:  Yes.

14             THE COURT:  All right.  Mr. Perez, have you

15   discussed this matter with your client?

16             MR. PEREZ:  I have, your Honor.  I have.

17             THE COURT:  And do you speak Spanish?

18             MR. PEREZ:  I do.

19             THE COURT:  And when you discussed this matter,

20   have you done so in Spanish?

21             MR. PEREZ:  I discussed it fully in Spanish

22   with my client.

23             THE COURT:  And in your opinion, is Mr. Blas

24   capable of understanding the nature of the proceedings?

25             MR. PEREZ:  Yes.

11

Proceedings

1          THE COURT:  And in your opinion, does he

2    understand the rights he'll be waiving if he decide to go

3    ahead with his guilty plea?

4          MR. PEREZ:  I believe he does.

5          THE COURT:  And do you have any doubt as to his

6    competence to plead at this time?

7          MR. PEREZ:  No, I do not.

8          THE COURT:  And have you advised him of the

9    possible consequences of a sentencing, including the

10   maximum sentences that can be imposed?

11         MR. PEREZ:  Yes, I have.

12         THE COURT:  And have you discussed with him the

13   operation of the sentencing guidelines?

14         MR. PEREZ:  Yes, I have.

15         THE COURT:  All right.

16         Mr. Blas, have you had a sufficient opportunity

17   to discuss this case with your attorney, Mr. Perez?

18         THE DEFENDANT:  Yes.

19         THE COURT:  And have you had any difficulty

20   communicating with your attorney?

21         THE DEFENDANT:  No.

22         THE COURT:  And are you fully satisfied with

23   the representation and advice given to you in this case

24   by your attorney, Mr. Perez?

25         THE DEFENDANT:  Yes.

12

Proceedings

1          THE COURT:  Have you received a copy of the

2    indictment in this case?

3          THE DEFENDANT:  Yes, he gave it to me.

4          THE COURT:  All right.  And did you review the

5    indictment with your attorney?

6          THE DEFENDANT:  Yes.

7          THE COURT:  And do you understand all the

8    charges against you?

9          THE DEFENDANT:  Yes.

10          THE COURT:  All right.  I understand that

11    you're planning to plead guilty to Counts 1 and 11 of the

12    indictment?

13          Do you understand those particular charges?

14          THE DEFENDANT:  Yes.

15          THE COURT:  All right.

16          Mr. Perez, do you want me to read those charges

17    out loud?

18          MR. PEREZ:  No, it's not necessary.  We waive

19    the reading.

20          THE COURT:  All right.  Mr. Blas, at this time

21    I am going to go over with you some of the many rights

22    that you have in a criminal proceeding in the United

23    States.  The first and most important thing you should

24    understand is that you do not have to plead guilty, even

25    if you are guilty.  Under the American legal system, the

13

Proceedings

1   prosecution has the burden of proving the guilt of a

2   defendant beyond a reasonable doubt.  If the prosecutor

3   cannot or does not meet the prosecutor's burden of proof,

4   the jury has the duty to find the defendant not guilty

5   even if the defendant is guilty.

6          Do you understand that?

7          THE DEFENDANT:  Yes.

8          THE COURT:  So what it means is that even if

9   you are guilty, you do have a choice.  It's up to you to

10  decide what to do; not your lawyer's choice or anyone

11  else's choice.  You can withdraw your previously entered

12  plea of not guilty and plead guilty as I'm been told you

13  wish to do to Counts 1 and 11 of the indictment or you

14  could choose to go to trial simply by persisting in your

15  plea of not guilty.

16         If you decide to do so, you will be making the

17  government meet its burden of proving your guilt beyond a

18  reasonable doubt.

19         Do you understand?

20         THE DEFENDANT:  Yes.

21         THE COURT:  All right.  You should be aware

22  that it has sometimes happened in American courtrooms,

23  that a jury has returned a verdict of not guilty even

24  though everyone else in the courtroom believed the

25  defendant had, in fact, committed the crime with which he

14

Proceedings

1    was charged.

2            What the jury was saying in that example, was

3    not that the defendant was not guilty but rather that the

4    government had failed to carry of proving its burden of

5    proving the defendant guilty.

6            Do you understand?

7            THE DEFENDANT:  Yes.

8            THE COURT:  So it's your right to say to the

9    government, prove it.  Meet your burden of proving my

10   guilt beyond a reasonable doubt and you can exercise that

11   right by saying not guilty when I ask how you plead.

12           If you decide to persist in your plea of not

13   guilty, under the Constitution and the laws of the United

14   States, you are entitled to a speedy and public trial by

15   jury.  You're entitled to the assistance of counsel

16   during the trial and all stages of the criminal

17   proceedings on the charges contained in the indictment

18   which has been filed with the Court and that's the

19   document that I referred to earlier.

20           Do you understand?

21           THE DEFENDANT:  Yes.

22           THE COURT:  At a trial, you would be presumed

23   innocent.  You would have not to prove that you were

24   innocent.  It's the government's burden to overcome the

25   presumption of innocence and prove you guilty by

15

Proceedings

1  competent evidence and beyond a reasonable doubt.

2          Do you understand?

3          THE DEFENDANT:  Yes.

4          THE COURT:  All right.  If the government does

5  not meet its burden at trial, the jury would have the

6  duty to find you not guilty.

7          Do you understand?

8          THE DEFENDANT:  Yes.

9          THE COURT: By pleading guilty, you're giving up

10 your right to have the government satisfy that burden of

11 proving you guilty beyond a reasonable doubt and instead,

12 you are admitting your guilt.

13         Do you understand?

14         THE DEFENDANT:  Yes.

15         THE COURT:  If you decided to continue with

16 your plea of not guilty, during the course of your trial,

17 witnesses for the government would be required to come to

18 court and testify your presence.  Your attorney would

19 have the right to cross-examine those witnesses for the

20 government, to object to the government's evidence and to

21 offer witnesses and other evidence on your behalf.

22         Do you understand?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Your attorney would also have the

25 right to subpoena or compel witnesses to come to court

16

Proceedings

1   and testify.

2         Do you understand that right?

3         THE DEFENDANT:  Yes.

4         THE COURT:  If you go ahead with your guilty

5   plea and plead guilty, and if I recommend to District

6   Judge Block that he accept your plea and that is what he

7   does, you're giving up these rights.  You're giving up

8   your right to confront the witnesses who testify against

9   you.  You're giving up your right to offer evidence on

10  your own behalf, giving up the right to compel witnesses

11  to come to court and testify and giving up your right to

12  raise any defenses that you may have.

13        Do you understand that?

14        THE DEFENDANT:  Yes.

15        THE COURT:  At a trial, you would have the

16  right to testify on your own behalf if you choose to do

17  so but could not be required to testify.  Under the

18  Constitution of the United States, a defendant in a

19  criminal case cannot be forced to take the witness stand

20  at his own trial and say anything that could be used

21  against him to show that he is guilty of the crime with

22  which he is charged.

23        So, if you decided not to testify at your

24  trial, the trial judge would instruct the jury that the

25  jurors could not hold the fact that you had not testified

17

Proceedings

1   against you.  This is called your right against self-

2   incrimination.

3              Do you understand?

4              THE DEFENDANT:  Yes.

5              THE COURT:  If you go ahead with your guilty

6   plea, you're admitting your guilt and thus giving up your

7   right against self-incrimination.

8              Do you understand?

9              THE DEFENDANT:  Yes.

10             THE COURT:  All right.  If you plead guilty,

11  I'm going to have to ask you questions about what you did

12  so that I can satisfy myself and in turn, the district

13  judge, that are you, in fact, guilty of the charges to

14  which you are pleading.  In doing so, you are going to

15  have to answer my questions truthfully and acknowledge

16  your guilt.  And I remind you that you earlier today took

17  an oath earlier to answer my questions truthfully.

18             Do you understand that?

19             THE DEFENDANT:  Yes.

20             THE COURT:  All right.  It's not going to

21  enough for you to simply say that you're guilty.  You're

22  going to have to tell me what it is that you did that

23  makes you guilty of the particular charge to which you're

24  pleading guilty.

25             Do you understand?

18

Proceedings

1        THE DEFENDANT:  Yes.

2        THE COURT:  So, if you plead guilty and I

3    recommend that the district judge accept your plea and

4    that's what he does, you're giving up your constitutional

5    right to a trial and to all the other rights that I have

6    just discussed.  There will be no further trial of any

7    kind.  The district judge, if he accepts your plea, will

8    simply enter a judgment of guilty on the basis of your

9    guilty plea.

10        Do you understand?

11        THE DEFENDANT:  Yes.

12        THE COURT:  If after you are sentenced, you or

13    your attorney thinks the Court has not properly followed

14    the law in sentencing you, you can usually appeal your

15    sentence to a higher court.  But by pleading guilty, you

16    will not except in under limited circumstances, be able

17    to challenge your judgment of conviction by appeal or

18    collateral attack.

19        Do you understand that?

20        THE DEFENDANT:  Yes.

21        THE COURT:  All right.  Additionally, we're

22    going to go over your plea agreement in a minute but I am

23    going to particularly draw your attention to paragraph 4,

24    in which you agree to limit your right to file an appeal.

25    So it says in the plea agreement, "The defendant agrees

Proceedings

1   not to file an appeal or otherwise challenge by petition

2   pursuant to 28 USC Section 2255 or any other provision,

3   the conviction or sentence in the event that the Court

4   imposes a term of imprisonment of 235 months or below."

5           All right.  So that's a limitation on your

6   right to appeal.

7           Do you understand that?

8           THE DEFENDANT:  Yes.

9           THE COURT:  All right.  So are you willing to

10  give up your right to a trial and all the other rights

11  that I've just discussed?

12          THE DEFENDANT:  Yes.

13          THE COURT:  All right.  I'm going to mark the

14  plea agreement as Court's Exhibit 1.

15          Mr. Blas, have you seen this document, the plea

16  agreement

17  Yes.

18          THE COURT:  All right.  Was it translated for

19  you from English to Spanish?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Did you review it with your

22  attorney in detail?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Counsel, were all formal plea

25  offers by the government conveyed to the defendant?

20

                              Proceedings

1           MR. PEREZ:  Yes, they were.

2           THE COURT:  Let's just go over the logistics of

3   the agreement.  So on page 12 of the agreement, there are

4   several signatures.  In the middle of the document, page

5   12, it says, "I have read the entire agreement and

6   discussed it with my attorney.  I understand all of its

7   terms and am entering into it knowingly and voluntarily."

8           Is that a correct statement, Mr. Blas?

9           THE DEFENDANT:  Yes.

10          THE COURT:  And right below that is a

11  signature, is that your signature?

12          THE DEFENDANT:  Yes.

13          THE COURT:  And then, Mr. Perez, right below

14  Mr. Blas' signature, is that your signature?

15          MR. PEREZ:  Yes, your Honor.

16          THE COURT:  And then did you -- were you also

17  the person who translated it?

18          MR. PEREZ:  Yes.

19          THE COURT:  All right.  So that's your

20  signature again?

21          MR. PEREZ:  Yes.

22          THE COURT:  All right.  For the United States,

23  Ms. Komatireddy, is that your signature here?

24          MS. KOMATIREDDY:  It is, your Honor.

25          THE COURT:  And below it it says Mr. Sinclair's

21

Proceedings

1  signature, who is he?

2          MS. KOMATIREDDY:  Mr. Sinclair was my

3  supervisor at the time that this plea agreement was

4  approved, your Honor.

5          THE COURT:  All right.  Did he review and

6  approve this agreement?

7          MS. KOMATIREDDY:  Yes, your Honor.

8          THE COURT:  All right.

9          All right.  So, Mr. Blas, does this written

10 plea agreement which is marked as Court Exhibit 1,

11 represent the entire understanding or agreement that you

12 have with the government?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Has anyone made any promise or

15 assurance to you that is not included in the plea

16 agreement in order to persuade you to accept the plea

17 agreement?

18         THE DEFENDANT:  No.

19         THE COURT:  Has anyone threatened you in any

20 way to persuade you to accept the plea agreement?

21         THE DEFENDANT:  No.

22         THE COURT:  All right.  Mr. Perez, have you

23 read and reviewed with your client the written plea

24 agreement which is before the Court as Court's Exhibit 1?

25         MR. PEREZ:  I have, your Honor.

22

Proceedings

1          THE COURT:  And does this document, Court's

2   Exhibit 1, reflect your understanding of the entire

3   agreement that your client has entered into with the

4   government?

5          MR. PEREZ:  It does.

6          THE COURT:  All right.  Mr. Blas, do you

7   understand that if you fail to fully comply with your

8   agreement with the government, the government will be

9   released from its obligations but you will not be

10  released from  your guilty plea.

11          Do you understand that?

12          THE DEFENDANT:  Yes.

13          THE COURT:  All right.  So, now I am going to

14  go over some of the possible consequences of your plea.

15  And some of this is or almost all of this is laid out in

16  the plea agreement, which I understand has been read to

17  you.

18          In paragraph 1 of the plea agreement, it notes

19  that what's proposed is you're going to plead guilty to

20  Count 1 and Count 11 of the indictment.  Those charge you

21  with violations of certain federal laws.  Count 1 of the

22  violation of 18 USC, Section 2251(a) and Count 11 with a

23  violation of 18 USC Section 2252(a)(4)(B).

24          First I'm going to talk about Count 1 and some

25  possible sentencing consequences and then I'll talk about

23

Proceedings

1   Count 11.  Count 1 carries the following statutory

2   penalties:  a maximum term of imprisonment of thirty

3   years, and a minimum term of imprisonment of fifteen

4   years.  All right.

5            So do you understand that there's a minimum

6   term of imprisonment?

7                THE DEFENDANT:  Yes.

8                THE COURT:  There's a minimum supervised

9   release term of five years, a maximum supervised release

10  term of life.  Those supervised release terms would

11  follow any term of imprisonment.

12           If a condition of release is violated, you may

13  be sentenced for up to three years imprisonment.  You

14  would not receive credit for pre-release imprisonment or

15  time previously served on post-release supervision.

16  Additionally, if you commit any criminal offense under

17  certain federal laws, particularly Chapter 109(a), 110 or

18  117, or Title 18 of the United States Code Sections 1201

19  or 1591, or which the term longer than one year can be

20  imposed, you shall be sentenced to not less than five

21  years and up to the maximum term of imprisonment for the

22  offense, as I have described earlier and as noted in

23  paragraph 1 of the plea agreement, as thirty years.

24           All right.  Do you understand all of those

25  provisions so far?

24

Proceedings

1          THE DEFENDANT:  Yes.

2          THE COURT:  All right.  Under Count 1, you face

3     a maximum fine of $250,000.  Restitution is mandatory and

4     as described in paragraphs 13 through 17 of your plea

5     agreement.  All right.  I'm going to go over that a

6     little bit more in a minute.

7               You're also subject to a $100 special

8     assessment and other penalties include removal from the

9     United States as described in paragraph 12 of the plea

10    agreement, sex offender registration pursuant to the Sex

11    Offender Registration Notification Act, which is

12    described in paragraph 19 of the plea agreement and

13    criminal forfeiture as set forth in paragraphs 6 through

14    11.

15              All right.  I'm going to go over Count 11 and

16    go back and explain each of those particular provisions,

17    restitution and the other penalties.

18              Count 11 of the indictment carries the

19    following statutory penalties:  a maximum term of

20    imprisonment of twenty years, and a minimum term of

21    imprisonment of fifteen years -- sorry, I am mixing it

22    up.  Sorry.  A maximum term of imprisonment of twenty

23    years and a minimum term of imprisonment of zero years.

24    All right?  So it's different from Count 1.

25              Do you understand those terms?

25

Proceedings

1          THE DEFENDANT:  Yes.

2          THE COURT:  Okay.  The minimum supervised

3   release term is five years.  The maximum supervised

4   release term is life.  It will follow any term of

5   imprisonment.  If a condition of release is violated, the

6   defendant, that's you, may be sentenced to up to three

7   years without credit for pre-release imprisonment or time

8   previously served on post-release supervision.

9          If you commit any of several particular

10  criminal offenses, including those under Chapter 109(a),

11  110, 117, or Title 18 of the United States Code Section

12  1201 or 1591, for which imprisonment for a term longer

13  than one year can be imposed, the defendant shall be

14  sentenced to not less than five years and up to a maximum

15  term of imprisonment for the offense as set forth in

16  paragraph 1(a).

17          The maximum fine is $250,000.  Restitution is

18  mandatory as set forth in paragraph 13 through 17.  You

19  have a $100 special assessment and other penalties under

20  Count 11 include sex offender registration pursuant to

21  the Sex Offender Registration Notification Act, as

22  described in paragraph 19, criminal forfeiture as set

23  forth in paragraph 6 through 11.

24          All right.  I'm going to go back and explain

25  some of these terms to you.  The restitution, which is a

26

Proceedings

1    requirement as part of your sentence for either and both

2    Count 1 and Count 11, and it's described in paragraphs 13

3    through 17 of your plea agreement.  All right.

4             Were paragraphs 13 through 17 read to you in

5    Spanish?

6             THE DEFENDANT:  Yes.

7             THE COURT:  All right.  Do you understand how

8    restitution works?

9             THE DEFENDANT:  Yes.

10            THE COURT:  All right.  Mr. Perez, do you want

11   me to explain restitution in any additional detail?

12            MR. PEREZ:  I don't believe it's necessary,

13   your Honor.

14            THE COURT:  Okay.  All right.  Looking now at

15   paragraph g as to both offenses, this is also for Count 1

16   and Count 11, removal from the United States and the

17   possible penalty.

18            MS. KOMATIREDDY:  I apologize, your Honor.

19   That's only as to Count 1.

20            THE COURT:  We'll just fix that then.

21            MS. KOMATIREDDY:  It's not listed under Count

22   11.

23            THE COURT:  I'm getting myself tied trying to -

24   -

25            MS. KOMATIREDDY:  It's not listed under count

27

Proceedings

1   11.

2            THE COURT:  All right.

3            MS. KOMATIREDDY:  Just under Count 1, paragraph

4   (g).

5            THE COURT:  You're right.  Sorry.  All right.

6   So much for trying to move it along.  Okay.  So let me

7   correct what I said.

8            As to Count 1, not as to Count 11, removal from

9   the United States is a possible penalty.  That's

10  described in paragraph 12 in the plea agreement.

11           So, Mr. Blas, if you are not a United States

12  citizen, or if there's any issue as to your United States

13  citizenship, in pleading guilty may have consequences

14  with regard to your immigration status in the United

15  States.  And as it says in paragraph 12 under federal

16  law, a broad range of crimes are what are called

17  removable offenses.  All right?

18           Indeed, because you are pleading guilty to two

19  violations of particular federal laws -- all right.  I'm

20  just going to talk to counsel for a second, both -- okay.

21           (Court and counsel confer)

22           THE COURT:  All right.  So I apologize for that

23  confusion but we made that correction.

24           So, Mr. Blas, we just clarified in the list of

25  possible penalties for Count 11, that removal from the

28

Proceedings

1   United States is a possible consequence of your plea to

2   Count 11 and so I am going to go back and continue the

3   description of what removal and removal possibilities

4   mean and these are described in paragraph 12 of the

5   agreement.

6           So, with regard to the amendment that I just

7   noted, was it translated for you?  This is the changed

8   paragraph 1(g) in the second description of the count,

9   which is Count 11.

10          THE DEFENDANT:  Yes.

11          THE COURT:  All right.  And did you initial the

12  form?

13          THE DEFENDANT:  Yes.

14          THE COURT:  All right.  And Mr. Perez, did you

15  initial the changes on page 3 of the plea agreement?

16          MR. PEREZ:  Yes, your Honor.

17          THE COURT:  And for the United States, did you

18  initial SK for the change in page 3?

19          MS. KOMATIREDDY:  Yes, your Honor.

20          THE COURT:  Okay.  All right.  So, Mr. Blas, to

21  continue as I was telling you before I consulted with

22  counsel, removal from the United States is presumptively

23  mandatory for certain offenses including those to which

24  it's proposed that You're going to plead guilty here

25  today.

29

Proceedings

1          Removal and immigration consequences though are

2    the subject of a separate proceeding and you should

3    understand that no one, including your attorney, Mr.

4    Perez, the United States Attorney's Office, or this court

5    can predict with certainty what the effect of your

6    conviction on your immigration status will be.

7               Do you understand that?

8               THE DEFENDANT:  Yes.

9               THE COURT:  All right.  So no one here can tell

10   you what will happen with regard to your immigration but

11   there is a very serious risk that you'll be permanently

12   removed from the United States.

13              Do you understand that?

14              THE DEFENDANT:  Yes.

15              THE COURT:  All right.  Do you still want to go

16   ahead with the proposed plea despite those serious

17   immigration consequences that may occur?

18              THE DEFENDANT:  Yes.

19              THE COURT:  All right.  And do you want to do

20   that despite the fact that your removal from the United

21   States may be automatic?

22              THE DEFENDANT:  Yes.

23              THE COURT:  All right.  Going back to some of

24   the consequences of your proposed plea to Count 1 and

25   Count 11 of the indictment, we've gone over the minimum

30

Proceedings

1    and maximum terms of imprisonment, supervised release,

2    the fines, restitution, special assessment and removal.

3    There's also sex offender registration that's explained

4    in paragraph 19 of the plea.

5              Did you review paragraph 19 with your attorney?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Do you understand it?

8              THE DEFENDANT:  Yes.

9              THE COURT:  All right.  Counsel, do you need to

10   go over that paragraph in any more detail?

11             MR. PEREZ:  It's not necessary, your Honor.

12             THE COURT:  All right.  And then finally with

13   regard to the possible consequences, there's also

14   criminal forfeiture.  That's described in detail in

15   paragraph 6 through 11 of the plea agreement.  All right.

16             So, Mr. Blas, you understand that You're

17   subject and your property is subject to forfeiture as a

18   result of any plea that you make as to Count 1 and Count

19   11 of the indictment?

20             THE DEFENDANT:  Yes.

21             THE COURT:  All right.  And do you understand

22   how forfeiture works?

23             THE DEFENDANT:  Yes.

24             THE COURT:  And did you review paragraph 6

25   through 11 with your attorney?

31

Proceedings

1           THE DEFENDANT:  Yes.

2           THE COURT:  All right.  Counsel, do you want me

3    to go over paragraph 6 through 11 with your client?

4           MR. PEREZ:  It's not necessary, your Honor.

5           THE COURT:  All right.  So, Mr. Blas, I've gone

6    over with you different parts of your plea agreement but

7    let me just confirm for the record, was the entire plea

8    agreement read to you in Spanish?

9           THE DEFENDANT:  Yes.

10          THE COURT:  Do you understand  the entire plea

11   agreement?

12          THE DEFENDANT:  Yes.

13          THE COURT:  And did you have an adequate

14   opportunity to consult with your attorney about the plea

15   agreement?

16          THE DEFENDANT:  Yes.

17          THE COURT:  All right.  I just want to add two

18   things.  With regard to the terms of imprisonment, do you

19   understand that parole has been abolished in the federal

20   system.  So, if You're sentenced to a prison term, you

21   will not be released on parole.

22          THE DEFENDANT:  Yes.

23          THE COURT:  All right. And do you understand

24   that if You're placed on supervised release, while on

25   supervised release, there may be many restrictions placed

32

Proceedings

1   on your liberty including travel restrictions, and the

2   requirement that you report regularly to a probation

3   officer.

4            THE DEFENDANT:  Yes.

5            THE COURT:  All right.  Just to go back to the

6   immigration consequences, I'm not sure I asked you this,

7   did you have an adequate opportunity to particularly

8   discuss the immigration consequences with your attorney?

9            THE DEFENDANT:  Yes.

10           THE COURT:  All right.  Let me explain to you a

11  little bit about the sentencing process.  The sentencing

12  judge, who in your case will be District Judge Block,

13  does not have complete discretion to impose a sentence

14  outside of the statutory minimum and maximum sentences

15  that are set forth in the statute.

16           Do you understand?

17           THE DEFENDANT:  Yes.

18           THE COURT:  As a first step, the district

19  judge, Judge Block, must consider the advisory sentencing

20  guidelines that have been issued by the United States

21  Sentencing Commission to determine what a reasonable

22  sentence in your criminal case.

23           As a second step, he must consider whether

24  there are any factors present that would allow him to

25  depart from the advisory sentencing guidelines either

33

Proceedings

1   upwardly or downwardly.

2            In addition, he has to consider factors that

3   are described in a particular federal statute.  It's

4   known as 18 USC Section 3553(a).  He'll consider those

5   factors against all of the facts and circumstances of

6   your case and it may be that he decides to give you what

7   is called a non-guideline sentence.

8            But the practical import of this process is

9   that until the date of sentencing, when the district

10  judge has had an opportunity to review the transcript of

11  today's proceedings, review a presentence report that

12  will be prepared about you, and hears from you, your

13  attorney and the government, you cannot know with

14  certainty what the guidelines calculation will be or

15  whether there will be grounds for Judge Block to depart

16  from them and or whether Judge Block will impose a non-

17  guideline sentence.

18           Do you understand?

19           THE DEFENDANT:  Yes.

20           THE COURT:  All right.  Despite some

21  uncertainty in the process, I am going to ask the

22  attorneys to give their best estimate of what the

23  sentencing guidelines are likely to be in your case, if

24  they can do that.

25           So for the United States?

34

Proceedings

1        MS. KOMATIREDDY:  Yes, your Honor.  The

2  government estimates as set forth in our plea agreement

3  in paragraph 2, that the defendant's combined offense

4  level would be 38 and with a criminal history category of

5  one, after adjusting that offense level for his

6  acceptance of responsibility by two points, the guideline

7  range will be 188 to 235 months.  If the defendant pleads

8  guilty today, and accepts responsibility and continues

9  that acceptance of responsibility through sentencing,

10  there would be an additional one level reduction,

11  resulting in a guideline range of 168 to 210 months.

12        THE COURT:  All right.  Mr. Perez, do you have

13  anything to add?

14        MR. PEREZ:  No, that is also my understanding,

15  Judge.

16        THE COURT:  All right.

17        Mr. Blas, do you understand that the estimate

18  your attorney just gave and the estimate that the United

19  States just gave, is not binding on the government, on

20  probation or on the Court?

21        THE DEFENDANT: Yes.

22        THE COURT:  Do you understand that if their

23  estimate is wrong, you will not be permitted to withdraw

24  your plea of guilty?

25        THE DEFENDANT:  Yes.

35

Proceedings

1          THE COURT:  Your ultimate sentence may turn out
2    to be different from any estimate your attorney or the
3    government may have given you.
4          THE DEFENDANT:  Yes.
5          THE COURT:  And it may be because of other
6    statutory sentencing factors, Judge Block may impose a
7    sentence that's even higher than the one called for by
8    the sentencing guidelines.  If that turns out to be the
9    case, you would not be permitted to withdraw your guilty
10   plea simply because no one can tell you in advance of
11   what your sentence would be.
12          Do you understand that?
13          THE DEFENDANT:  Yes.
14          THE COURT:  All right.  If your plea is
15   accepted, you are pleading guilty to a felony and you
16   would be adjudged guilty of felonies, you should note to
17   the extent that you do have certain rights, and I don't
18   know enough about you to know whether you do or don't,
19   maybe that you are not a United States citizen, you don't
20   have them but your adjudication of those rights to the --
21   sorry, your adjudication of this plea and the conviction
22   of a felony on a felony, may result in the loss of
23   valuable civil rights.
24          All right.  I've gone over with you many of the
25   possible consequences of your guilty plea.  Do you

Proceedings

1   understand all of the consequences that I've discussed?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Have you reviewed them with your

4   attorney?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Did you have a sufficient

7   opportunity to consult with Mr. Perez, your attorney?

8           THE DEFENDANT:  Yes.

9           THE COURT:  All right.  So, do you need an

10  opportunity to consult with Mr. Perez at this time?

11          THE DEFENDANT:  No.

12          THE COURT:  Do you have any questions that you

13  would like Mr. Perez to put to me?

14          THE DEFENDANT:  No.

15          THE COURT:  All right.  For the United States,

16  is the government prepared to prove at trial all elements

17  of the counts against the defendant?

18          MS. KOMATIREDDY:  Yes, your Honor.

19          THE COURT:  All right.  I'm not sure if counsel

20  for the defendant had an opportunity to see this.  The

21  government provided me with a list of the elements of the

22  offenses.  Did you have --

23          MR. PEREZ:  Do not have that, no.

24          THE COURT:  All right.  Tina, can you hand that

25  -- can you just take a look at that?

37

Proceedings

1              (Counsel and client confer)

2              MR. PEREZ:  We can proceed, Judge.

3              THE COURT:  All right.  Let's get that paper

4     back.  Thanks.  All right.

5              So, Mr. Perez, did you have an adequate

6     opportunity to review the government's description of the

7     elements of Count 1 and Count 11?

8              MR. PEREZ:  I did, your Honor.

9              THE COURT:  All right.  Do you believe your

10    client understands them?

11             MR. PEREZ:  I do.

12             THE COURT:  All right.  So, Mr. Perez, do you

13    know of any reason why the defendant should not plead

14    guilty  here --

15             MR. PEREZ:  No, your Honor.

16             THE COURT:  -- Counts 1 and 11?

17             MR. PEREZ:  No, your Honor.

18             THE COURT:  Are you aware of any viable legal

19    defense to Count 1 and Count 11?

20             MR. PEREZ:  No, your Honor.

21             THE COURT:  And do you agree that the

22    government would be able to prove the defendant's guilt

23    at trial --

24             MR. PEREZ:  Yes.

25             THE COURT:  -- all right, to Count 1 and Count

38

Proceedings

1   11.  All right.

2        Mr. Blas, let me ask you a few more questions

3   before you go ahead with your plea.  Are you pleading

4   guilty voluntarily and of your own free will

5        THE DEFENDANT:  Yes.

6        THE COURT:  Has anyone threatened or forced you

7   to plead guilty?

8        THE DEFENDANT:  No.

9        THE COURT:  Other than the promises contained

10  in the written agreement that you've entered into with

11  the government, which is the document that's been marked

12  as Court's Exhibit 1, has anyone made any other promises

13  to induce you to plead guilty?

14       THE DEFENDANT:  No.

15       THE COURT:  Has anyone made any promise to you

16  as to what your final sentence will be?

17       THE DEFENDANT:  No.

18       THE COURT:  Do you understand that you are

19  facing very serious immigration consequences as the

20  result of the plea if you go ahead with the plea

21  including there is a strongly likelihood that you will be

22  permanently removed from the United States?

23       THE DEFENDANT:  Yes.

24       THE COURT:  All right.  Are you pleading guilty

25  of your own free will because you are in fact guilty?

39

Proceedings

1           THE DEFENDANT:  Yes.

2           THE COURT:  All right.  Are you ready to go

3    ahead with your plea?

4           THE DEFENDANT:  Yes.

5           THE COURT:  All right.  And do you need any

6    other opportunity to consult with your attorney before

7    doing that?

8           (Counsel and client confer)

9           MR. PEREZ:  We can proceed.

10          THE COURT:  Okay.  So, Mr. Blas, do you need

11   any other opportunity to consult with your attorney?

12          THE DEFENDANT:  No.

13          THE COURT:  All right.  So with regard to Count

14   1, which is the sexual exploitation of a child, how do

15   you plead, guilty or not guilty?

16          THE DEFENDANT:  Guilty.

17          THE COURT:  All right.  And with regard to

18   Count 11, which is the possession of child pornography,

19   how do you plead, guilty or not guilty?

20          THE DEFENDANT:  Guilty.

21          THE COURT:  All right.  Mr. Perez, do you want

22   me to go through the elements separately or we'll talk

23   about both counts together?

24          MR. PEREZ:  Go through both counts together.

25          THE COURT:  All right.  So, Mr. Blas, what is

40

Proceedings

1  it that you did that makes it such that you are guilty of

2  Count 1 and Count 11 of the indictment?

3          (Pause)

4          THE COURT:  All right.  So, Mr. Blas, let me

5  just ask you again and I'm going to remind you, as I said

6  earlier, it's not enough for your say that you were

7  guilty.  You have to explain to me what it is that you

8  did such that You're guilty of the particular counts to

9  which you just pled guilty.  Those are Count 1 and Count

10 11.  All right?  I need to know what it is you did.

11         Sorry, just hold on one second.

12         (Pause)

13         THE COURT:  All right.  Sorry.  We're having

14 some trouble with the microphones today.  All right, yes,

15 Mr. Blas, what is it that you did such that You're guilty

16 of Count 1 and Count 11 of the indictment?

17         THE DEFENDANT:  I was in possession of child

18 pornography and I had sex with a minor and it was

19 recorded.

20         (Pause)

21         THE COURT:  When you say recorded, what does

22 that mean?

23         THE DEFENDANT:  It was recorded through a

24 computer.

25         THE COURT:  All right.  And, counsel, with

41

Proceedings

1    regard to the interstate commerce or foreign commerce

2    element, does your client have something to say?

3            MS. KOMATIREDDY:  Your Honor, at trial, the

4    government would prove that the defendant used a

5    computer, specifically a Dell computer, to create the

6    child pornography that is specified in Count 1, capture

7    one, 3-26-2014 4:55 p.m. and that that Dell computer is a

8    material that traveled in interstate commerce.  And we

9    would ask the defense to stipulate to that.

10           THE COURT:  All right.  So Mr. Perez, does your

11   client stipulate to what the United States just said with

12   regard to the interstate or foreign commerce element?

13           MR. PEREZ:  He does so stipulate.

14           THE COURT:  Okay.  And approximately when did

15   Mr. Blas undertake the act that is the basis for the plea

16   to Count 1?

17           (Counsel and client confer)

18           MR. PEREZ:  Judge, that will be --

19           THE COURT:  So as to Count 1, is there a

20   particular time when it happened?

21           (Counsel and client confer)

22           MR. PEREZ:  That would be, Judge, on or about

23   March 26th of 2014.

24           THE COURT:  All right.  Mr. Blas, You're in

25   agreement that the acts that you described with regard to

42

Proceedings

1   Count 1 occurred on or about March 26th, 2014?

2           THE DEFENDANT:  Yes.

3           THE COURT:  All right.  How about with regard

4   to venue and the connection to the Eastern District of

5   New York?  Does Mr. Blas, have anything to say with

6   regard to that?

7           THE DEFENDANT:  In Brooklyn, New York.

8           THE COURT:  All right.  And with regard to

9   Count 11, on or about when did the acts --

10          MR. PEREZ:  No, that was on or about April

11   30th, 2014.

12          THE COURT:  All right.  Mr. Blas, do you agree

13   with that date with regard to Count 11, that is when the

14   acts described in Count 11 occurred?

15          THE DEFENDANT:  Yes.

16          THE COURT:  All right.  And did they also occur

17   in Brooklyn?

18          THE DEFENDANT:  Yes.

19          THE COURT:  All right.  Mr. Perez, is there

20   anything else that your client would like to add?

21          MR. PEREZ:  There's nothing further, your

22   Honor.

23          THE COURT:  Okay.

24          Is that a satisfactory allocution to the United

25   States?

43

Proceedings

1        MS. KOMATIREDDY:  Your Honor, if I may add a

2   few things for the record as to Count 11 on the

3   interstate commerce.  The government would prove that the

4   materials -- that the visual depiction at issue in Count

5   11 was transported in or affected interstate or foreign

6   commerce, specifically it was transported over the

7   Internet.  That visual depiction is a separate one from

8   the one in Count 1.

9        THE COURT:  All right.  And that's what the

10  United States would show at trial?

11       MS. KOMATIREDDY:  Yes, your Honor and we've

12  asked the defendant to stipulate to that.

13       THE COURT:  All right.

14       MR. PEREZ:  He so stipulates.

15       THE COURT:  Anything else?

16       MS. KOMATIREDDY:  Just to complete the record,

17  your Honor, given the complexity of this plea --

18       THE COURT:  Uh-hum.

19       MS. KOMATIREDDY:  -- I would just proffer also

20  as to Count 1, for each of the elements, the government

21  is prepared to show at trial, that the child was under

22  the age of eighteen, through video of the child herself

23  and witness testimony and documents as to the child's

24  age.  That the defendant used that child to engage in

25  sexually explicit conduct for the purpose of producing a

44

Proceedings

1  visual depiction of that conduct, through the video that

2  shows that the defendant himself starting the recording

3  and then engaging in the acts and using the child by

4  engaging in a sexual act with her.

5          The evidence of that would be the direct

6  evidence of the video itself and the forensic evidence of

7  the computer.  And that the visual depictions produced

8  using materials that had been shipped in interstate or

9  foreign commerce.  That proof of that would be business

10  records and witness testimony as to the origin of the

11  computer.

12          As to Count 11, the government would be

13  prepared to show at trial, that the defendant knowingly

14  possessed a visual depiction and that that visual

15  depiction involved the use of a minor engaged in sexually

16  explicit conduct.  Evidence of that would be both the

17  visual depiction itself, the evidence of a minority would

18  be apparent from the depiction, as well as from the title

19  of the videos and the knowing possession is apparent from

20  agent testimony of the defendant's confession that he

21  used the Internet to download the files including the

22  videos and possessed such videos on his computer.

23          The fact that the minor was engaged in sexually

24  explicit conduct would also be proven by the videos

25  themselves and that the visual depiction was transported

45

Proceedings

1   in or affecting interstate or foreign commerce and would

2   be shown by witness testimony and forensic analysis of

3   the computer showing the files and their origin over the

4   Internet.

5            THE COURT:  All right.  Mr. Perez, do you agree

6   that the United States would offer that evidence at

7   trial?

8            MR. PEREZ:  Yes, Judge.

9            THE COURT:  And do you know of any defense that

10  your client has to the evidence that the United States

11  would offer at trial?

12           MR. PEREZ:  No, your Honor.

13           THE COURT:  Let me ask Mr. Blas, do you agree

14  with -- that you possessed the image of the minor that's

15  described in Count 11?

16           THE DEFENDANT:  Yes.

17           THE COURT:  And that that image was transmitted

18  over the Internet?

19           THE DEFENDANT:  Yes.

20           THE COURT:  All right.  And it shows the minor

21  engaged in sexually explicit conduct?

22           THE DEFENDANT:  Yes.

23           THE COURT:  And the minor was a child who had

24  not yet -- was not yet twelve-years-old?

25           THE DEFENDANT:  Yes.

46

Proceedings

1          THE COURT:  All right.  Is there anything else
2   we should add to the allocution?
3          MS. KOMATIREDDY:  No, your Honor.
4          MR. PEREZ:  Nothing further from the defense.
5          THE COURT:  All right.  So for the record,
6   based on the information given to me, I find that the
7   document, Aldo Blas is fully competent and capable of
8   entering an informed plea, that he's acting voluntarily,
9   that he is aware of the nature of the charges against
10  him, that he understands his rights and the consequence
11  of his plea and that there's a factual basis for the plea
12  to both Count 1 and to Count 11 that's supported by an
13  independent basis in fact as to each of the elements of
14  the offense.
15          So, I am to recommend, respectfully, that the
16  district judge, Judge Block, accept the plea of guilty to
17  Count 1 and Count 11 of the indictment.
18          All right, with regard to sentencing, that date
19  is going to be determined by probation in consultation
20  with Judge Block's chambers.
21          So, Mr. Perez, do you want to be present for
22  the presentence report interview?
23          MR. PEREZ:  Yes, your Honor.
24          THE COURT:  All right.  Is there any medical
25  issues?

47

Proceedings

 1          MR. PEREZ:  No, Madam.

 2          THE COURT:  All right.  Anything else that we

 3 should discuss here today?

 4          MS. KOMATIREDDY:  Not from the government, your

 5 Honor.

 6          MR. PEREZ:  No, thank you.

 7          THE COURT:  All right.  I'm going to return to

 8 the United States the original plea.  All right.  Thank

 9 you.

10              (Matter concluded)

11                  -o0o-

12

13

14

15

16

17

18

19

20

21

22

23

24

25

48

1

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **12th** day of **March**, 2015.

*Linda Ferrara*
Linda Ferrara

CET**D 656
Transcriptions Plus II, Inc.