

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SDD:SK
F. #2014R00795

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 7, 2015

<u>By Hand and ECF</u>

The Honorable Frederic Block
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. Aldo Blas</u>
     <u>Criminal Docket No. 14-367 (FB)</u>

Dear Judge Block:

  The government respectfully submits this letter in connection with the defendant's sentencing.  On February 2, 2015, the defendant Aldo Blas pled guilty, pursuant to a plea agreement, before United States Magistrate Judge Vera Scanlon to one count of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  On February 19, 2015, this Court accepted the defendant's guilty plea.  Sentencing is scheduled for November 12, 2015 at 3:00 p.m.

  I. <u>Background</u>[1]

  The defendant is a 40-year old male who repeatedly abused his girlfriend's daughter and recorded it.

  Law enforcement agents initially detected the defendant trading videos of child pornography on the internet.  The videos included graphic depictions of prepubescent girls being raped by adult men and molested with various objects.  <u>See</u> PSR ¶¶ 13-14.  Law enforcement agents conducted a search, pursuant to a warrant, on the defendant's home and seized, among other items, the defendant's laptop computer.  The computer contained the

---

[1] The government agrees with the facts as set forth in the Presentence Investigation Report ("PSR").

graphic depictions of child rape described above and other videos of child pornography that had been downloaded from the internet. In addition, the computer contained ten homemade videos of the defendant sexually abusing his girlfriend's 16-year old daughter. The videos had been recorded in the days and weeks leading up to the agents' search of the defendant's home. See PSR ¶¶ 19-21. A forensic analysis of the computer indicated that the defendant had used the camera on his computer to record the videos, and an interview of the victim revealed that she was not aware that she had been recorded.

II. Guidelines Calculation

In the plea agreement signed by the parties on February 2, 2015, the government estimated a Guidelines range of 168 to 210 months imprisonment based on the following Guidelines calculation:

Count One

| | | |
|---|---|---:|
| Base Offense Level (§ 2G2.1(a)) | | 32 |
| Plus: | Offense involved the commission of a sexual act (§ 2G2.1(b)(2)(A)) | +2 |
| Plus: | Minor was in the custody, care, or supervisory control of the defendant (§ 2G2.1(b)(5) | +2 |
| Total: | | 36 |

Count Eleven

| | | |
|---|---|---:|
| Base Offense Level (§ 2G2.2(a)) | | 18 |
| Plus: | Material involved a minor who had not attained the age of twelve years (§ 2G2.2(b)(2)) | +2 |
| Plus: | Offense involved distribution (§ 2G2.2(b)(3)(F)) | +2 |
| Plus: | Offense involved material that portrays sadistic or masochistic conduct (§ 2G2.2(b)(4)) | +4 |
| Plus: | Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor (§ 2G2.2(b)(5)) | +5 |

| | | |
|---|---|---:|
| Plus: | Offense involved the use of a computer (§ 2G2.2(b)(6)) | +2 |
| Plus: | Offense involved at least 10 images (§ 2G2.2(b)(7)(A)) | <u>+2</u> |
| Total: | | <u>35</u> |

<u>Grouping and Acceptance</u>

| | |
|---|---:|
| Highest Offense Level (§ 3D1.4) | 36 |
| Number of Units: Two (§ 3D1.4(a) | +2 |
| Less:   Acceptance of responsibility | <u>-3</u> |
| Total: | <u>35</u> |

In the plea agreement, the total offense level is 35 and, based on a criminal history category of I, the Guidelines range of imprisonment is 168 to 210 months imprisonment.

The Probation Department's calculation differs with respect to the enhancement it applies for the number of images involved in Count Eleven. Specifically, because the defendant possessed videos and not merely still photographs, the Probation Department applies a five-level enhancement for the number of images instead of the two-level enhancement contained in the plea agreement. Upon further review of the Guidelines and the evidence, the government agrees that the five-level enhancement is warranted. Nevertheless, the government respectfully submits that a sentence within the range estimated in the plea agreement -- 168 to 210 months imprisonment -- is appropriate in this case.

III.   <u>Legal Standard</u>

In the Supreme Court's opinion in <u>United States v. Booker</u>, 125 S. Ct. 38, 743 (2005), which held that the Guidelines are advisory not mandatory, the Court made clear that district courts are still "require[d] . . . to consider Guidelines ranges" in determining a sentence, but also may tailor the sentence in light of other statutory concerns. <u>See</u> 18 U.S.C. § 3553(a). Subsequent to <u>Booker</u>, the Second Circuit held that "sentencing judges remain under a duty with respect to the Guidelines . . . to 'consider' them, along with the other factors listed in section 3553(a)." <u>United States v. Crosby</u>, 397 F.3d 103, 111 (2d Cir. 2005).

In <u>Gall v. United States</u>, 128 S. Ct. 586 (2007), the Supreme Court elucidated the proper procedure and order of consideration for sentencing courts to follow: "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." <u>Gall</u>, 128 S. Ct. at 596 (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to

determine whether they support the sentence requested by a party.  In so doing, [the district court] may not presume that the Guidelines range is reasonable.  [It] must make an individualized assessment based on the facts presented." Id. at 596-97 (citation and footnote omitted).

Section 3553(a) requires a court to consider a number of factors in imposing a sentence, including: the nature and circumstances of the violation and the history and characteristics of the defendant (§ 3553(a)(1)); the need for the sentence to reflect the seriousness of the violation, to promote respect for the law, and to provide a just punishment for the violation (§ 3553(a)(2)(A))); the need for the sentence to afford adequate deterrence to criminal conduct (§ 3553(a)(2)(B)); to protect the public from further crimes or violation of the defendant (§ 3553(a)(2)(C)); and to provide the defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner (§ 3553(a)(2)(B)).  The court must also consider the kinds of sentences available (§ 3553(a)(3)), the applicable sentencing guideline and pertinent policy statements (§ 3553(a)(4)(B) and § 3553(a)(5)), and the need to avoid unwarranted sentencing disparities (§ 3553(a)(6)).

    IV.    Argument

The government respectfully requests that the Court impose a sentence within the Guidelines range estimated in the plea agreement of 168 to 210 months imprisonment.  Such a term of incarceration would reflect the seriousness of the defendant's crimes, promote respect for the law, provide adequate deterrence to the defendant and to others contemplating similar acts, and be sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

Every time a child is sexually abused, it is a serious offense.  In this case, the defendant's conduct was particularly egregious because he was a father-figure to his victim, and rather than use his role and authority to protect the victim, he used it to exploit her.  That exploitation is likely to cause pain and trauma to the victim for years to come.  If that were not enough, the defendant exacerbated the pain and trauma experienced by other victims of sexual abuse -- including prepubescent children -- by participating in the trading of child pornography over the internet and storing it on his computer.  See Pornography Prosecution Act of 2007, Pub. L. No. 110-358, § 102(3) (2008) ("Child pornography is a permanent record of a child's abuse and the distribution of child pornography images revictimizes the child each time the image is viewed."); United States v. Reingold, 731 F.3d 204, 216 (2d Cir. 2013) ("[T]here can be no question that the dissemination of child pornography is a serious crime that causes real injury to particularly vulnerable victims.  As Congress, courts, and scholars all recognize, child pornography crimes at their core demand the sexual exploitation and abuse of children.  Not only are children seriously harmed -- physically, emotionally, and mentally -- in the process of producing such pornography, but that harm is then exacerbated by the circulation, often for years after the fact, of a graphic record of the child's exploitation and abuse.").

V.	Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a term of imprisonment within the Guidelines range estimated in the plea agreement of 168 to 210 months and submits that such a sentence would be sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

                                  Respectfully submitted,

                                  ROBERT L. CAPERS
                                  United States Attorney

By:	         /s/
                                  Saritha Komatireddy
                                  Assistant U.S. Attorney
                                  (718) 254-6054

cc:	H. Benjamin Perez, Esq. (by ECF)